UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARGARET L. TEASDALE, § | |
| § | |
| Plaintiff, § | |
| v. § | |
| § | CIVIL ACTION NO. H-06-2793 |
| DAVID W. TANSOR, § | |
| RBC DAIN RAUSCHER, INC., § | |
| SAL FINANCIAL SERVICES, INC., and § | |
| CHARLES SCHWAB & CO., INC., § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Before the Court are Defendant Charles Schwab & Co., Inc.'s Motion to Compel Arbitration and Abate Lawsuit, Docket No. 14, and Defendants David W. Tansor, RBC Dain Rauscher, Inc., and SAL Financial Services, Inc.'s Motion to Compel Arbitration and Stay All Proceedings, Docket No. 16. For the below reasons, the Court finds that both motions should be and hereby are **GRANTED.**

Defendants direct the Court to four separate documents, each of which Plaintiff undisputedly signed in opening brokerage accounts with the corporate Defendants, which obligate Plaintiff to bring her claims to arbitration. In response, Plaintiff makes two arguments: 1) she was never provided with materials fully detailing the arbitration agreements, and Defendant Tansor never explained those agreements to her; and 2) she suffers from bipolar disorder.

With respect to Plaintiff's first argument, Defendants correctly point out that in signing each of the account application documents, Plaintiff acknowledged that she had read all provided materials, which ostensibly included the complete arbitration agreements. Further, three of the documents that Plaintiff signed – one with RBC Dain, one with SAL Financial, and one with Charles Schwab – refer explicitly to the pre-dispute arbitration requirement directly above the

1

signature line.  Finally, it is clear in Texas that a signatory to a contract is presumed to be aware of its contents (*EZ Pawn v. Macias*, 934 S.W.2d 87, 90 (Tex. 1996)); a party cannot escape an otherwise valid arbitration clause simply by stating that he or she was unaware thereof (*Cantella v. Goodwin*, 924 S.W.2d 934, 944-45 (Tex. 1996)); and that unless a party seeking to avoid arbitration alleges misrepresentations relating to the arbitration clause itself, claims of fraudulent inducement to sign the contract as a whole are subject to arbitration agreements (*Prima Paint v. Conklin*, 388 U.S. 395 (1967)).

Regarding Plaintiff's statement that she suffers from bi-polar disorder, the Court notes that Plaintiff has not shown (or even quite argued) that her condition interferes with her capacity to form contracts or otherwise reason.  Also, the physician's letter submitted by Plaintiff states that she has been under that doctor's care since April 29, 2005, *after* the events relevant to the instant suit.

Because Defendants have demonstrated that Plaintiff's claims are subject to arbitration agreements between the parties and Plaintiff has failed to show that the agreements are invalid, Defendants' Motions to Compel Arbitration are **GRANTED**.  Plaintiff is **ORDERED** to submit her claims to arbitration.  This civil action is hereby **STAYED** pending arbitration.

**IT IS SO ORDERED**.

**SIGNED** this 21st day of December, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT**